## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2013

Lyle W. Cayce
Clerk

No. 12-51290
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CRISTOBAL TIRADO-CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-728-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Cristobal Tirado-Cruz appeals the 27-month, above-guidelines sentence he received after he pleaded guilty to illegal reentry. Tirado argues that his sentence is substantively unreasonable. He contends that his criminal history category adequately reflected the seriousness of his criminal history and that the sentence was greater than necessary to comply with the purposes of punishment in that it double counted his criminal history. He further contends that the sentence overstated the seriousness of his offense, which was "at bottom, an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

international trespass."  Last, he argues that it failed to provide just punishment, undermined respect for the law, and failed to reflect his personal history and characteristics, namely his difficult childhood in Mexico, alcohol abuse, and reason for returning to this country.

We review sentences for reasonableness.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  We have rejected the argument that a sentence imposed pursuant to U.S.S.G. § 2L1.2 is greater than necessary to meet 18 U.S.C. § 3553(a)'s goals as a result of any double counting inherent in that Guideline.  *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  We have also rejected the argument that the Guidelines overstate the seriousness of illegal reentry because it is simply an international trespass offense.  *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

To determine the substantive reasonableness of a sentence, we consider "the totality of the circumstances, granting deference to the district court's determination of the appropriate sentence based on the § 3553(a) factors." *United States v. McElwee*, 646 F.3d 328, 337 (5th Cir. 2011) (internal quotation marks and citations omitted).  If a district court deviates from the guidelines range, we defer to the district court's determination that the § 3553(a) factors warrant the extent of the variance.  *Id.*  A significant deviation does not constitute an abuse of discretion if it is "commensurate with the individualized, case-specific reasons provided by the district court."  *Id.* at 338 (internal quotation marks and citation omitted).  A non-guidelines sentence unreasonably fails to reflect the statutory sentencing factors set forth in § 3553(a) when it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors.  *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The district court referenced § 3553(a), Tirado's substance abuse, his violent history in this country, his recidivism, and the need to protect the public.

No. 12-51290

Thus, the district court gave individualized, case-specific reasons for its sentence and its upward variance was not an abuse of discretion. *See United States v. Heard,* 709 F.3d 413, 435 (5th Cir.2013), *petition for cert. filed* (May 20, 2013) (No. 12-10481); *Smith*, 440 F.3d at 708. Tirado essentially asks this court to reweigh the sentencing factors, which this court will not do. *See McElwee*, 646 F.3d at 343-44.

AFFIRMED.